NOT RECOMMENDED FOR PUBLICATION
File Name: 22a0396n.06

Case No. 22-3324

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED
Oct 04, 2022
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| CHEMICAL SOLVENTS, INC., | ) | |
| Plaintiff-Appellant, | ) ) ) | |
| v. | ) ) ) | ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF OHIO |
| GREENWICH INSURANCE COMPANY; ILLINOIS NATIONAL INSURANCE COMPANY; ALEMBIC, INC., | ) ) ) ) | |
| | | OPINION |
| Defendants-Appellees. | ) ) | |

Before: MOORE, THAPAR, and LARSEN, Circuit Judges.

THAPAR, Circuit Judge. Chemical Solvents, Inc. sued three insurers. But the defendants' notice of removal lists only two insurers' principal places of business. So the parties have failed to establish federal diversity jurisdiction.

Chemical Solvents originally sued Greenwich Insurance Company, Illinois National Insurance Company, and Alembic, Inc. in state court for state-law violations. To remove to federal court, the insurers needed to allege complete diversity of citizenship. *Coyne v. Am. Tobacco Co.*, 183 F.3d 488, 492–93 (6th Cir. 1999). Because the parties are corporations, that required identifying each corporation's place of incorporation and principal place of business. 28 U.S.C. § 1332 (c)(1). But neither the complaint nor the notice of removal lists Alembic's principal place of business.

Granted, Alembic is only tangentially involved in the case and was never properly served. But the district court didn't terminate Alembic as a party, so Alembic remains a named defendant.

Fact finding may be necessary to remedy the defect. Alembic's principal place of business is neither evident from the record nor publicly available. Further, Alembic hasn't participated in the proceedings either below or on appeal, and the remaining parties have thus far failed to establish Alembic's citizenship, despite the opportunity. So a request for supplemental briefing would likely be insufficient to gather that information. On remand, the district court may need to hold an evidentiary hearing. Since the district court is best positioned to remedy any defect, we vacate the judgment and remand for further proceedings.